UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 07-61503 |
| ERIC KEVIN VALENTINE and CORINE LEE VALENTINE, Debtors. | CHAPTER 7 |
| | JUDGE RUSS KENDIG |
| | ADV. NO. 07-6142 |
| AMERICREDIT FINANCIAL SERVICES, INC., Plaintiff, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| ERIC KEVIN VALENTINE et al., Defendants. | |

This matter is before the Court on the amended motion of Plaintiff AmeriCredit Financial Services, Inc. ("AmeriCredit" or "Plaintiff") for summary judgment on its complaint to determine the dischargeability of a debt. Plaintiff filed its complaint on September 17, 2007. Defendants Eric Kevin Valentine and Corine Lee Valentine ("Defendants") filed their answer on October 23, 2007. Plaintiff then filed the instant motion on April 8, 2008 under Fed. R. Bank. P. 7056, which incorporates Fed. R. Civ. P. 56 into bankruptcy practice. After all applicable extensions, the deadline for both parties for submitting dispositive motions was April 8, 2008; Defendants filed none.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND AND PROCEDURAL POSTURE

On April 25, 2007, Defendants purchased a 2007 Kia Rio with financing provided by Plaintiff. Defendants signed a retail installment sales contract covering the terms of the financing arrangement.

Defendants paid their bankruptcy attorney on May 9, 2007, according to their Statement of Financial Affairs. They filed their chapter 7 petition on May 23, 2007.

On September 19, 2007, Plaintiff filed an adversary complaint against Defendants, seeking to have the debt to AmeriCredit declared nondischargeable. Plaintiff alleges that Defendants purchased the vehicle in contemplation of filing for bankruptcy, that they intended to obtain credit while being unable to repay the debt or intending not to repay the debt, and that they knew or should have known that their financial situation would not allow them to repay the debt. Plaintiff alleges that this amounts to obtaining credit through false pretenses, false representation, and/or actual fraud, which would warrant excepting the obligation from discharge.

Defendants filed their answer on October 23, 2007. In addition to the familiar litany of admissions and denials, Defendants affirmatively plead the existence of a rather curious and creative arrangement between Defendants, Plaintiff, and the dealership where Defendants purchased the Rio. Defendants allege that the loan officer at the dealership itself was acting as an agent of AmeriCredit; that this loan officer instructed them to file bankruptcy on the other vehicles that Defendants had at the time; and that this loan officer provided Defendants with funds in order to pay for the bankruptcy. (Ans. 2.) Presumably, though Defendants do not allege this explicitly, the plan would have included a reaffirmation of the debt on the Rio; in either event, Defendants did not reaffirm their debt to AmeriCredit. Defendants allege that they intended to repay the debt incurred to AmeriCredit not only at the time they incurred the debt and purchased the Rio, but also at the time they filed for bankruptcy; they aver that only after taking the second required financial management course did they decide to surrender the Rio. Debtor argues that because of this preplanned bankruptcy scheme, Plaintiff cannot successfully claim that Defendants obtained credit from Plaintiff through false pretenses, false representation, or actual fraud.

Plaintiff filed its motion for summary judgment on April 1, 2008,[1] and amended it to its current version on April 8, 2008. The motion sets forth a straightforward legal argument for excepting a debt from discharge, but does not address the preplanned bankruptcy scheme alleged in Defendants' answer. In addition, numerous documents with evidentiary value–depositions and an affidavit–are referenced in the motion, which purports to attach these documents as exhibits. There were no exhibits submitted as part of nor concurrently with Plaintiff's motion.

## **LEGAL ANALYSIS**

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides,

---

[1] Perhaps portentously, this original submission was still in draft form, including many conspicuous blanks in lieu of page numbers within citations.

in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. Issues of Material Fact Still Exist, Precluding Summary Judgment for Plaintiff

A discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for an extension, renewal, or refinancing of credit to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). In order to prevail under a § 523(a)(2)(A) action, the burden is upon the plaintiff to prove, by a preponderance of the evidence, that

(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
(2) the debtor intended to deceive the creditor;
(3) the creditor justifiably relied on the false representation; and
(4) its reliance was the proximate cause of loss.

Henson v. Henderson (In re Henderson), 277 B.R. 889, 891-892 (Bankr. S.D. Ohio 2002).

Plaintiff has not carried its burden of proving these elements. First, while a party claiming relief may move for summary judgment without supporting affidavits, Fed. R. Civ. P. 56(a), mere allegations lack the evidentiary value of sworn affidavits. Plaintiff's motion cites to numerous items of documentary evidence, including "Depositions of Defendants," "Plaintiff's Affidavit," and "Depositions of Mother." (Pl. Mot. 1-3.) None of these documents have been submitted to the Court. The lack of such evidence is fatal for a party bearing the burden of proof on any facts not admitted by the movant's opponent. The only facts that have been established at this juncture are that Defendants purchased the 2007 Kia Rio on April 25, 2007, for $18,051.78; that they paid their bankruptcy attorney on May 9,

2007; and that they filed their chapter 7 petition on May 23, 2007. This is nowhere near sufficient evidence to preclude a reasonable jury from returning a verdict for the nonmoving party.

In addition, the allegations raised by Defendants in their answer have yet to be addressed; Defendants have advanced no evidence to substantiate them and Plaintiffs have advanced no evidence to refute them. These facts, if proven, would at least in part counterbalance the evidence Plaintiff claims to have regarding Defendants' fraudulent representations and intentions, because they would show that Plaintiff was not only aware that Defendants were planning on filing bankruptcy, but actively aided them in doing so. Plaintiffs' motion asserts that "Defendants intentionally failed to disclose to the [sic] AmeriCredit that they were going to file for bankruptcy ... AmeriCredit reasonably relied on the Defendants' omission that the were planning on filing bankruptcy." (Pl.'s Mot. 4.)

For the foregoing reasons, the Court finds that there are unresolved issues of material fact remaining in this case, and that summary judgment for AmeriCredit is inappropriate.

An order in accordance with this decision shall be entered contemporaneously.

/s/ Russ Kendig
----
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Beth Ann Schenz
Weltman, Weinberg & Reis Co., L.P.A.
323 West Lakeside Avenue, Ste. 200
Cleveland, OH 44113

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Eric Kevin Valentine
Corine Lee Valentine
406 Mohican Street NE
Brewster, OH 44613April 15, 2008